IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By mgarcia at 11:21 am, Sep 20, 2019

| | |
|---|---|
| CHRISTOPHER ALLEN LARKIN HILL,  Plaintiff,  v.  JUDGE STEPHEN G. SCARLETT; GARNETT HARRISON; and JACQUELINE FORTIER,  Defendants. | CIVIL ACTION NO.: 2:19-cv-105 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Emergency Temporary Restraining Order, Ex Parte Motion for an Emergency Hearing on his Motion for Temporary Restraining Order, and Ex Parte Motion to Issue Subpoenas.  Docs. 4, 8, 9.  Upon review, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Emergency Temporary Restraining Order.  I **DENY** Plaintiff's Ex Parte Motions.

Plaintiff's claims stem from divorce proceedings in Camden County Superior Court, which appear to be ongoing at this time.  Doc. 1.  In his Motion for Temporary Restraining Order, Plaintiff asserts that Defendants Harrison and Fortier—his spouse's attorneys in in the divorce proceedings—have engaged in fraud and have fabricated evidence in those proceedings, and that Defendant Harrison is not licensed to practice law in Georgia.  Plaintiff further alleges that Defendant Scarlett—the judge presiding over the divorce proceedings—has issued void orders that have negatively impacted Plaintiff.  Plaintiff contends he has been threatened with incarceration "due to a fraudulently obtained debt" he cannot pay, which appears to be an

amount that Plaintiff was ordered to pay as a child support obligation.  Doc. 4 at 1–5.  Plaintiff further contends that "Defendants' threatened unlawful actions are currently being performed and additional unlawful actions are set to begin September 20, 2019," though Plaintiff does not state what will occur on September 20, 2019.  As relief, Plaintiff requests in his Motion that the Court issue an order (1) enjoining Defendant Harrison from the "continued unlicensed practice of law against the Plaintiff"; (2) preventing Defendants from "enforcing the void order of incarceration against the Plaintiff"; (3) preventing "any other illegal and void orders obtained by Ms. Harrison from being enforced upon the Plaintiff"; and (4) any other relief the Court deems just.  Id. at 8.

To be entitled to a temporary restraining order, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).  In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites."  Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quotation omitted).

Plaintiff has not shown a substantial likelihood of success on the merits of his Motion or in his underlying cause of action.  This Court cannot provide the injunctive relief Plaintiff requests.  See Jones v. Warren, 1:11-CV-3974, 2012 WL 1682264, at *3 (N.D. Ga. Apr. 23, 2012) (finding, in a case involving state court divorce proceedings, that "[f]ederal courts may not grant an injunction to stay in a State court except as expressly authorized by Act of Congress, or

where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. . . . [A] federal court injunction of state litigation is to be the exception, not the rule, and [t]he United States Supreme Court has admonished lower federal courts to hesitate to enjoin state court proceedings, holding that [a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.") (internal citations omitted), *report and recommendation adopted*, 2012 WL 1677294 (N.D. Ga. May 11, 2012)); see also Blough v. Nazaretian, 704 F. App'x 820 (11th Cir. 2017) (dismissal of 42 U.S.C. § 1983 complaint proper in case involving federal and state court judges concerning underlying state court divorce proceedings). Thus, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Temporary Restraining Order. Doc. 4. As a consequence, I **DENY** Plaintiff's Motion for Hearing on his Motion for Temporary Restraining Order. Doc. 8.

Additionally, the Court **DENIES** Plaintiff's Motion to Issue Subpoenas. Doc. 9. Plaintiff asks this Court to authorize the issuance of subpoenas against two named Defendants and a third party, Julia Morgan Hill, for the production of documents. Plaintiff filed his Complaint on September 9, 2019 and purports to have served the named Defendants. Docs. 1, 5, 6, 7. Defendants' responses to the Complaint are not due until September 30 and October 2, 2019. Plaintiff's request involves discovery matters, and that process need not begin until after Defendants file their answers.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of September, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA